

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00220-CV

IN THE INTEREST OF G.V., III
AND G.L., CHILDREN

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 323-102780-16

----------

## DISSENTING OPINION

----------

I cannot agree that the State's contractual rights to enforce a mediated settlement agreement (MSA) in a parental-rights-termination suit trump the rights—inherent, constitutional, and statutory—that Texas parents possess concerning their children. *See, e.g.*, *Troxel v. Granville*, 530 U.S. 57, 66, 120 S. Ct. 2054, 2060 (2000) (recognizing that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents concerning the

care, custody, and control of their children); *In re E.R.*, 385 S.W.3d 552, 555 (Tex. 2012) (recognizing that termination proceeding encumbers a value far more precious than any property right and does not involve ordinary dispute about how to allocate money in a contract action). Courts of appeals that have addressed this issue—the issue of whether family code section 153.0071 MSAs, that is custody contracts, are enforceable in chapter-161-termination-of-parental-rights suits instituted by the Department of Family and Protective Services—have held that they are not. *See In re Morris*, 498 S.W.3d 624, 633 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding [mand. denied]); *In re K.D.*, 471 S.W.3d 147, 169 (Tex. App.—Texarkana 2015, no pet.); *see also Martin v. Black*, 909 S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.] 1995, writ denied) (explaining that an MSA is a contract between the parties). I do agree with the majority, however, that this issue is one of first impression for our court.

The rules of judicial administration addressing appellate court disposition of a termination suit or a suit affecting the parent-child relationship filed by a governmental entity for managing conservatorship provide that "appellate courts should, *so far as reasonably possible*, ensure that the appeal is brought to final disposition . . . [w]ithin 180 days of the date the notice of appeal is filed." Tex. R. Jud. Admin. 6.2(a) (emphasis added). In this termination suit, the notice of appeal was filed on June 21, 2017. Mother and Father were given two twenty-day extensions of time to file their brief, and the Department was given a thirty-day extension of time to file its brief. Because of the issue of first impression

2

involved in this appeal, oral argument was set and held on November 15, 2017. The majority opinion was circulated on December 6, 2017, leaving only twelve days (seven full business days) for the drafting of a dissenting opinion before the expiration of the 180-days-from-notice-of-appeal time period on December 18, 2017. I interpret the so-far-as-reasonably-possible language included in judicial administration rule 6.2(a) as creating an exception to application of the 180-day deadline in situations, such as this one, where application of that deadline leaves a justice with days to draft a dissenting opinion on an important question of first impression. The majority, however, interprets it otherwise.

I am compelled, therefore, to either "dissent without opinion" or to issue a less than thorough dissenting opinion.

/s/ Sue Walker
SUE WALKER
JUSTICE

DELIVERED: December 18, 2017